UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80952-CIV-MARRA

GLORIA GONZALEZ,

    Plaintiff,

vs.

CITY OF WEST PALM BEACH,
DORRITT MILLER, LUZ RIVERIA,
KIMBERLY SPENCE and
EARLY JOHNSON

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants, Luz Riveria's[1] ("Rivera") and Dorritt Miller's ("Miller") Motion to Dismiss [DE 5] and Defendant, City of West Palm Beach's Motion to Dismiss, Alternatively, Motion for a More Definite Statement [DE 6]. Also before the Court are the following: City's Motion to Strike Pursuant to F. R. Civ. P. 12(f) [DE 14]; Plaintiff's Motion to Quash the City of West Palm Beach Motion to Dismiss and Motion for More Definite Statement [DE 8]; Plaintiff's Motion to Vacate Defendant's Motion to Dismiss [DE 9]; Plaintiff's Motion for Trial and to Quash Defendant's Sovereign Immunity and Motion to Quash the Defendant's Motion to Strike [DE 16 and 19]; Plaintiff's Motion for Trial and Complaint of Bias, Discrimination, and Motion to Quash Defendant's Motion to Quash [DE 21]; Plaintiff's Motion for Trial and to Quash Defendant's Sovereign Immunity, Plaintiff's Motion to Quash the Defendants' Motion to Strike [DE 23]; Plaintiff's Motion for Trial- Plaintiff's Motion to Quash

---

[1] Luz Riveria's last name is not spelled consistently throughout the papers of the parties. The Court will spell it consistent with the caption in the instant case.

1

Defendant's Sovereign Immunity and Plaintiff's Motion to Quash the Defendants' Motion to Strike and Plaintiff Response [DE 24]; Plaintiff's Motion for Forma Pauperis [DE 25]. These matters are ripe for review.  The Court has reviewed all of the papers submitted by the parties in connection with these motions; the entire file in this matter; and is otherwise duly advised in the premises.

## Procedural History

Plaintiff filed her Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on or about August 19, 2013.[2]  Defendants City of West Palm Beach, Dorritt Miller and Luz Riveria removed the action to this Court, which has jurisdiction over the case pursuant to 28 U.S.C. § 1331.

## Factual Background[3]

The City of West Palm Beach (the "City") runs a loan program to stimulate and encourage affordable, safe, sanitary and decent living conditions in the City.  The City implements this policy through rental housing rehabilitation by providing assistance to investment property owners through low-interest loans for construction, rehabilitation or general physical improvements to rental dwellings. [DE 1-1at 37].  This program provides federal HOME and state SHIP funds. [*Id*. at 26].  In accordance with the loan agreement executed by the City and the respective property owner, properties improved through the use of funds from the program are subject to certain restrictions [*Id*. at 41, 43].

---

[2] Defendants Kimberly Spence and Early Johnson have yet to be served.  Plaintiff's motion at DE 25 seeks *in forma pauperis* status because she cannot afford the service of process fees.
[3] The facts as set forth herein are taken from Plaintiff's Complaint and the papers attached thereto and incorporated therein, and, for purposes of the pending motions to dismiss, are assumed to be true.

Cynthia Holman ("Holman") participated in the City's loan program. Holman and the City executed the City of West Palm Beach Rental Housing Rehabilitation Loan Agreement ("Loan Agreement") on February 17, 2009. Holman received a loan from the City in the amount of $46,137.40. [*Id*.]. The property to which the Loan Agreement applies is located at 623 49th Street, West Palm Beach, FL 33407 (the "Property"). [*Id*. at 38].

The Loan Agreement states that in accordance with the Final Rule found at 24 C.F.R. 92.252, rental units receiving financial assistance must be rented to very low and low income persons and households. [*Id*. at 41]. If either party fails to comply with the terms of the Loan Agreement, the non-defaulting party shall have the right to terminate the agreement. In the event of default, the borrower must repay the full amount of the loan. [*Id*. at 43].

After receiving the loan from the City, Holman entered into a lease agreement with Plaintiff starting November 1, 2010. Plaintiff resided at the Property until January 30, 2013. Holman had renewed the lease in August, 2012, but subsequently changed her mind because she planned to move back onto the Property. [*Id*. at 2]. Holman's refusal to renew Plaintiff's lease is the basis of Plaintiff's claim against Defendants, who Plaintiff alleges failed to act to require Ms. Holman to comply with the requirements of the loan.

After Plaintiff complained to various City employees regarding the termination of her lease, a letter was sent on February 19, 2013 to Ms. Holman by Early Johnson, the Executive VP/COO, CRA of FL, stating that property owners participating in the program have a responsibility to submit to the City's Housing and Community Development Department (HCD) at least annually a report on rent and occupancy as well as to notify HCD of any changes in occupancy during the year. [*Id*. at 35]. It reminded Ms. Holman that the time period for which she was required to rent the property was 15 years. It further advised that a lease can only be

terminated for good cause, such as serious or repeated violations of the terms and conditions of the lease; violations of applicable Federal, state, or local laws; or other good cause as specified in the lease. [*Id*. at 35].

## Pending Motions

Defendants Riveria and Miller argue that Plaintiff's Complaint is defective under Fed. R. Civ. P. Rule 8 as a "shotgun" complaint. [DE 5 at 4]. They claim to be unable to prepare a response, because the pleading is ambiguous; fails to set forth the elements of her claimed causes of action; contains unnecessary evidentiary details; and fails to separate her factual allegations into separate counts. [*Id*. at 4-6]. These Defendants claim that they are entitled to qualified immunity from being sued in their individual capacities because the facts alleged do not demonstrate the violation of a clearly established statutory or constitutional right of which a reasonable person would have known. [*Id*. at 6-7, 9-10]. They note that it is well settled that the Constitution does not require the government to protect citizens from one another. [*Id*. at 9]. They outline why the Complaint fails to adequately allege a First Amendment violation; a violation of the Fair Housing Act; a violation of Title VII; a breach of contract; or a §1983 Equal Protection claim. [*Id*. at 7-9].

The City of West Palm Beach also argues that the Complaint is an insufficient "shotgun" complaint that violates the requirements of Rules 8(a) and 10(b). [DE 6 at 2-4]. The City also alleges that it fails to state a claim under Rule 12(b)(6) because it does not allege the elements of any cause of action. [*Id*. at 5]. As with the other moving Defendants' papers, despite the claimed inability to understand Plaintiff's allegations, Defendant City then goes on to address Plaintiff's

claims, arguing that she has failed to state a claim under the Fair Housing Act; the Americans with Disabilities Act; or 42 U.S.C. §1983. [*Id*. at 5-8].

In response, Plaintiff has filed a number of motions.  The first is Plaintiff's Motion to Quash the City of West Palm Beach Motion to Dismiss and Motion for More Definite Statement [DE 8].  In this motion, Plaintiff alleges that the case was improperly removed [*Id*. at ¶4]; that she agreed to an extension of time only for Defendant City [*Id*. at ¶15, 19-20]; and that the other Defendants are in default [*Id*. at ¶22]. In response to the City's motion to dismiss, she argues that the City is responsible for Cynthia Holman's acts [*Id*. at ¶26].

Plaintiff also brought a Motion to Vacate Defendants Motion to Dismiss [DE 9]. Plaintiff again argues that the case was improperly removed and that the individual defendants are in default. [*Id*. at ¶3].  She argues that she brought her case in state court, not federal court.  Her position appears to be that it is unfair to judge her Complaint under the federal rules.  [*Id*. at ¶7].  Regarding her breach of contract claim, she refers to the City of West Palm Beach Rental Housing Rehabilitation Loan Agreement between the City and Cynthia Holman.  [*Id*. at ¶9].  She also notes that Defendant Riveria was a witness to the Loan Agreement.  [*Id*. at ¶23]  She alleges that she was deprived of a right under state law to obtain public records.  [*Id*. at ¶18].  Regarding the First Amendment, Plaintiff states that she was not alleging a violation of the First Amendment, rather, she was exercising her First Amendment rights to speak of the wrongful acts against her.  [*Id*. at ¶17].

Plaintiff argues that Defendants Miller and Riveria had a duty to enforce the City's contract with Holman.  She states that they failed to monitor Holman to ensure that she complied with the terms of the loan.  [*Id*. at ¶18].  After they were advised that Holman was violating the terms of the loan, they did nothing.  [*Id*. at ¶¶21-22].

5

Finally, Plaintiff has filed a copy of Plaintiff Objection Conflicts of Interest Plaintiff Response to Defendant Unopposed Motion for Enlargement of Time [DE 12] and Plaintiff Objection to the Defendants Motion for Enlargement of Time to File Response to the Complaint [DE 13]. These two documents address Plaintiff's argument that she did not agree to an extension of time for Defendants Miller and Riveria. Both documents have state court captions. The Court assumes that Plaintiff has filed these to demonstrate to this Court that these issues were raised when the case was still before the state court.

The City replies by moving to strike all personal attacks made against counsel for the City [DE 14].[4] The City also argues that to the extent that Plaintiff is pleading an oral contract, it is barred by the doctrine of sovereign immunity. [*Id*. at ¶¶2-3]. The City separately replies to Plaintiff's Objection to Enlargement of Time to File Response to the Complaint [DE 15], outlining the procedural history of this issue and arguing that both the removal and the City's motion to dismiss are proper. [*Id*.].

Plaintiff then filed a Motion for Trial and to Quash Defendant's Sovereign Immunity and a Motion to Quash the Defendant's Motion to Strike [DE 16]. Plaintiff argues that her statements about the City's attorney are an expression of her First Amendment rights. [*Id.* at 1]. Regarding the Loan Agreement, Plaintiff argues that she is a part of that contract as a low income tenant. She notes that the Federal funds used by the City to loan money to Cynthia Holman carried the condition that the property be rented to a low income person like Plaintiff. [*Id.* at ¶4]. She reiterates that the City failed to enforce the Federal requirements. [*Id*. at ¶¶5-8]. Plaintiff essentially argues that she is a third-party beneficiary of the contract. Plaintiff notes

---

[4]The City withdrew its motion to strike in DE 22, citing to *Jallali v. National Bd. of Osteopathic Medical Examiners, Inc.*, 2012 WL 3095361, 1 (S.D. Fla. July 30, 2012), noting that Rule 12(f) only applies to pleadings, not motions.

that the agreement calls for Florida law to control, which is why she says that she commenced the action in state court. [*Id*. at ¶9]. She again argues that she did not grant an extension of time to the individual defendants and that the removal to this Court precluded that issue from being determined before the state court. [*Id*. at ¶¶11-13]. She alleges that this constituted a deprivation of her constitutional rights. [*Id*. at ¶15].

Plaintiff also filed DE 17, which is a response to a letter that she received from attorney Don Stephens, which is appended thereto. Although it does not directly address any motions pending before the Court, and did not have to be filed herein, if the reason the Plaintiff filed it was to have it further support her pending motions, the Court has reviewed it and taken it into consideration in rendering its decision.

Defendants Miller and Riveria filed a Response in Opposition to Plaintiff's Motion to Vacate and Motion to Strike [DE 18]. Pursuant to Fed. R. Civ. P. 12(f), they request the Court to strike all personal attacks against their counsel. [*Id*. at 3]. They argue that the removal was proper and that they were not in default at the time the case was removed to this Court. [*Id*. at 4-7].

Plaintiff then filed a Motion for Trial and Complaint of Bias, Discrimination, and Motion to Quash Defendant's Motion to Quash [DE 21]. Plaintiff denies having made scandalous comments and reiterates her position that her comments are within her First Amendment rights. [*Id*. at ¶¶1-2] She again argues that the individual defendants were in default. [*Id*. at ¶3]. She reasserts her belief that the facts of her case constitute violations of various federal statutes. [*Id*. at ¶¶19-20, 26].

The City filed an Opposition to Plaintiff's Motion For Trial and to Quash Defendant's Sovereign Immunity Plaintiff Motion to Quash the Defendant's Motion to Strike [DE 22]. It

cites to this Court's stay of discovery pending the motions to dismiss at DE 3. It argues that any breach of contract claim is barred by the doctrine of sovereign immunity, because there is no written contract between Plaintiff and the City. The City does not address whether Plaintiff is a third-party beneficiary of the written agreement between the City and Ms. Holman. The City argues that it satisfied all jurisdictional and procedural requirements for removal. Finally, addressing Plaintiff's alleged personal attacks on counsel in her various motion papers, the City requests this Court to enter an order to Plaintiff to show cause why her conduct has not violated Fed. R. Civ. P. 11(b).

Plaintiff filed a Motion for Trial and to Quash Defendant's Sovereign Immunity Plaintiff Motion to Quash the Defendant's Motion to Strike [DE 23] in which she elaborates upon the issues set forth above. She also filed a Motion for Trial-Plaintiff Motion to Quash Defendants Sovereign Immunity and Plaintiff Motion to Quash the Defendants Motion to Strike and Plaintiff Response [DE 24]. Plaintiff argues that the motions brought by Defendants give a deceptive picture of her lawsuit. [*Id*. at ¶1]. She indicates why she needs to have this case tried. [*Id*. at ¶4 *et seq*].

Finally, Plaintiff filed a Motion for Forma Pauperis [DE 25], in which she states that she is unable to afford service on the remaining defendants.

### Legal Standard

With respect to the pending motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, in reviewing the complaint, the Court is mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## Discussion

### Timeliness of the Individual Defendants' Motion

Plaintiff claims that she did not give the individual defendants an extension of time to respond to her Complaint. Plaintiff appears not to understand that while a Court may take into account a Plaintiff's wishes in this regard, the Court ultimately determines whether or not to grant an extension of time. Defendants' removal to this Court, which the Court finds to have been appropriate, rendered this issue moot, since the individual Defendants filed their motion to dismiss within the time set forth in Fed. R. Civ. P. 81.

Many of the papers filed herein by Plaintiff relate to this issue.  Plaintiff is obviously upset, articulating that she feels that the defense attorneys somehow took advantage of her.  Defense counsel object to Plaintiff's attacks on them contained within her papers.  Counsel for the individual Defendants ask that such comments be struck, and Counsel for the City seeks an Order to Show Cause pursuant to F. R. Civ. P. Rule 11(c)(3).  Plaintiff argues that she is exercising her right of free speech when she makes these comments about counsel.  The Court urges all of the litigants to be civil but otherwise declines to take any further action relative to this issue.

## Motions to Dismiss

Both Defendants argue that they have been presented with a "shotgun" pleading, and it is impossible for them to respond thereto.  While the Complaint fails to neatly set forth causes of action, the Court finds that Plaintiff has coherently set forth the facts at issue.  Plaintiff has been consistent in her Complaint and all of the papers filed with the Court relative to what occurred and why she believes that she has been wronged.

Where Plaintiff's Complaint goes awry, however, is her colloquial use of legal terms of art.  It is understandable why Plaintiff, who is *pro se*, might feel that certain legal precepts must apply to her situation.  For example, Plaintiff feels discriminated against.  That is not, however, the same as being discriminated against under federal law.  Having reviewed all of the facts alleged by Plaintiff not only in her Complaint, but in all of her papers, the Court finds that these facts do not and cannot state any plausible federal claim.  Since the underlying facts will not change, there is no point in giving Plaintiff an opportunity to amend her Complaint to reassert her alleged federal claims.

**State Law Claims**

This Court derives its authority to decide Plaintiff's alleged federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims "that are so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Section 1367(c)(3), however, states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Court has determined that the claims serving as the basis for original federal court jurisdiction fail as a matter of law. The Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims. Plaintiff may, if she chooses, pursue them in state court. Plaintiff has sought to have this case remanded to state court, and the Court will do so as to any state law claims Plaintiff may have.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Defendants, Luz Rivera's ("Rivera") and Dorritt Miller's ("Miller") Motion to Dismiss [**DE 5**] and Defendant, City of West Palm Beach's Motion to Dismiss, Alternatively, Motion for a More Definite Statement [**DE 6**] are **GRANTED AS TO PLAINTIFF'S FEDERAL CLAIMS**. The **CLERK** shall **REMAND ANY STATE LAW CLAIMS** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2. City's Motion to Strike Pursuant to F.R.Civ.P. 12(f) [**DE 14**] was **WITHDRAWN** by [**DE 22**].

3. Plaintiff's Motion to Quash the City of West Palm Beach Motion to Dismiss and Motion for More Definite Statement [**DE 8**];Plaintiff's Motion to Vacate Defendant's Motion to Dismiss [**DE 9**]; Plaintiff's Motion for Trial and to Quash Defendant's Sovereign Immunity and Motion to Quash the Defendant's Motion to Strike [**DE 16 and 19**]; Plaintiff's Motion for Trial and Complaint of Bias, Discrimination, and Motion to Quash Defendant's Motion to Quash [**DE 21**]; Plaintiff's Motion for Trial and to Quash Defendant's Sovereign Immunity, Plaintiff's Motion to Quash the Defendants' Motion to Strike [**DE 23**]; Plaintiff's Motion for Trial- Plaintiff's Motion to Quash Defendant's Sovereign Immunity and Plaintiff's Motion to Quash the Defendants' Motion to Strike and Plaintiff Response [**DE 24]** are **DENIED**.

4. Plaintiff's Motion for Forma Pauperis [**DE 25**] is **DENIED AS MOOT**.

5. The **CLERK** shall **CLOSE** this case.  Each party shall bear its own costs and fees.  Any pending motions not addressed herein are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of May, 2014.

        KENNETH A. MARRA
        UNITED STATES DISTRICT
            JUDGE